478

PAULINE ICKELHEIMER, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 103425.    Promulgated October 24, 1941.

*Arthur J. Hogan, Esq.,* for the petitioner.
*Henry C. Clark, Esq.,* for the respondent.

480

## OPINION.

HILL: The only question for our determination is whether or not petitioner sustained a deductible loss on the sale of certain bonds. Petitioner contends that the bonds were sold through her broker on the open market and that no sale or exchange of those bonds, direct or in-

direct, was made to the trust of which she was beneficiary and her husband trustee. Respondent argues that petitioner is not entitled to the loss deduction because the sale was an indirect sale to the trustee of the trust of which she was beneficiary, losses on such transactions being nondeductible under section 24 (a) (6) of the Revenue Act of 1936 as amended by section 301 (a) of the Revenue Act of 1937.[1]

There is no question that the loss was sustained. The issue is whether the deductibility of the loss is prohibited by section 24 (a) (6) of the Revenue Act of 1936 as amended. If the sale of the bonds was a sale, direct or indirect, to the fiduciary of the trust of which petitioner is beneficiary, the loss is not deductible. It is patent that the sale of bonds by petitioner was not a direct sale of the bonds to her husband as trustee of the trust. The bonds were sold through a broker to undisclosed purchasers. Petitioner's husband as trustee purchased similar bonds from undisclosed vendors.

Respondent urges, however, that the sales of the bonds by petitioner closely followed by purchases of similar securities by her husband as trustee of the trust were indirect sales from petitioner to the trustee. The authorities cited by petitioner and respondent are of little assistance to our determination of the cause; to our knowledge the problem of what constitutes an indirect sale under section 24 (a) (6) of the Revenue Act of 1936 as amended has not been determined by the Board or the courts.

While the parties have stipulated that the transactions were handled with due regard to the effects of section 118 of the Revenue Act of 1936 (relating to "wash sales" of securities) and for the purpose of obtaining a loss deduction, we are of the opinion that the facts herein do not disclose an indirect sale from petitioner to her husband as fiduciary of the trust. It is apparent that the sales of the bonds were made to purchasers other than the trustee of the trust. The fact that petitioner's husband as trustee purchased the bonds from the open market shortly thereafter does not convert the sales by petitioner and the purchases by her husband as trustee into indirect sales *between* petitioner and her husband as trustee. Nor does the fact that the transactions were carried out with a view to obtaining a loss deduction and to avoid the effects of section 118 so color these transactions that sales to others may be termed indirect sales from petitioner to her husband as trustee.

---

[1] SEC. 301. DISALLOWED DEDUCTIONS.

(a) Section 24 (a) of the Revenue Act of 1936 is amended to read as follows:

\* \* \* \* \* \* \*

"(b) LOSSES FROM SALES OR EXCHANGES OF PROPERTY.—

"(1) LOSSES DISALLOWED.—In computing net income no deduction shall in any case be allowed in respect of losses from sales or exchanges of property, directly or indirectly—

\* \* \* \* \* \* \*

"(F) Between a fiduciary of a trust and a beneficiary of such trust."

\* \* \* \* \* \* \*

Respondent contends that, since petitioner's husband acted for petitioner under power of attorney and for the trust as its trustee, one directing mind controlled the sales and purchases of the bonds so that the sales must be considered to have been indirectly made between petitioner and her husband as trustee. He asserts that the presence of a preconceived plan to permit a loss deduction for petitioner and yet obtain the bonds for the trust, plus the fact that the sales and purchases were directed by petitioner's husband, indicates that the bonds were sold, indirectly, by petitioner to her husband as trustee for the trust. We can not agree. We find no authority in the law or the decided cases for the position taken by respondent. Nor do statements in Congressional Committee reports shed any light on the question.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

STERNHAGEN, MELLOTT, ARNOLD, TYSON, and OPPER dissent.